# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-336 (3) |
| | § | C.A. No. 08-236 |
| ALBINO RODRIGUEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER DISMISSING MOTION TO VACATE,
## SET ASIDE OR CORRECT SENTENCE
## AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Albino Rodriguez's ("Rodriguez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 81),[1] which was received by the Clerk on July 18, 2008. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Rodriguez's motion is subject to dismissal because he waived his right to file the claims he raises therein. Additionally, even if the claims were properly before the Court, they fail on their merits. For these reasons, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Rodriguez a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. C-07-336(3).

1

## II.  FACTS AND PROCEEDINGS

On March 22, 2006, Rodriguez was charged, along with two co-defendants, with one count of conspiracy to possess with intent to distribute more than one hundred (100) kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  (D.E. 1, 2.)  On August 29, 2007, Rodriguez pleaded guilty to Count One of the indictment, pursuant to a written plea agreement.  (D.E. 33, 35.)  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that Rodriguez receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 35 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Rodriguez's right to appeal and to file a § 2255 motion:

> The Defendant waives his/her right to appeal both the conviction and the sentence imposed.  The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States, as set forth in Title 18, United States Code, Section 3742(b). Additionally, the defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 35 at ¶ 7 (emphasis in original).)  The agreement was signed by both Rodriguez and his counsel. (D.E. 35 at 5.)

The Court questioned Rodriguez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to collaterally attack his conviction and sentence.  In particular, after informing him

regarding the waiver of his appellate rights, the Court also ensured that Rodriguez understood he was

waiving his right to file a § 2255 motion:

> THE COURT: . . .There is one other right you're giving up in this plea
> agreement and that is the right to file a motion, a post-conviction
> motion or remedy, where you try to set aside your conviction and/or
> your sentence, by challenging such matters as jurisdiction,
> constitutionality or ineffective assistance of counsel. If you go forward
> today, you also give up that right in this case forever.  Do you
> understand that? ... Mr. Rodriguez?

> THE DEFENDANT: Yes.

(Digital Recording of August 29, 2007 Rearraignment ("R. Rec.") at 10:03-10:04.)

After the prosecutor had summarized the agreement, including a reference to the waiver

provision, Rodriguez testified that the agreement was his, that it was his entire agreement, and that he

understood it.  (R. Rec. at 10:05-10:06.)  He also identified the physical document as his plea

agreement, with his signature on the last page.  (R. Rec. at 10:10.)  He stated that it was read to him

entirely in Spanish and that he had discussed it with his attorney before he signed it. (R. Rec. at 10:10-

10:11.) He further testified that there were no other promises or agreements made to him other than

what was in the agreement.  He specifically testified that no one had promised him leniency, that he

would get a motion for downward departure, or that he would receive the benefit of the safety valve.

(R. Rec. at 10:06-10:08.)

It is clear from the foregoing that Rodriguez's waiver of his § 2255 right was knowing and

voluntary.  See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any

waiver of § 2255 rights and appellate rights prior to accepting his plea).  His testimony establishes

that he had read and understood his plea agreement, that his decision to plead guilty was not induced

by any promises outside of the agreement, and that he specifically understood the waiver provision.

The Court sentenced Rodriguez on November 9, 2007 to 87 months in the custody of the

Bureau of Prisons, to be followed by a five-year term of supervised release, and also imposed a $100

3

special assessment. (D.E. 47, 59.)  Judgment of conviction and sentence was entered November 11, 2007. (D.E. 59.)  Consistent with his waiver of appellate rights, Rodriguez did not appeal.

The Clerk received the instant § 2255 motion from Rodriguez on July 18, 2008. (D.E. 81.) It is timely.

## III.  MOVANT'S ALLEGATIONS

In his § 2255 motion, Rodriguez alleges that various errors occurred at sentencing and that his counsel was ineffective because he failed to object to these alleged errors.  Specifically, Rodriguez claims that his base offense level was wrongly calculated.  He also argues that his criminal history category was improperly calculated, because he was assessed two points pursuant to U.S.S.G. § 4A1.1(d).  That provision requires the addition of two points where a defendant has committed the instant offense while under any other criminal sentence, including probation, parole, and supervised release.  He thus claims that he was incorrectly sentenced, and that his counsel was ineffective for failing to object to these alleged errors. (D.E. 81.)

## IV.  DISCUSSION

### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of

justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Rodriguez has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that Rodriguez's motion fails in its entirety because he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  Nowhere in his motion does Rodriguez challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").  Instead, he alleges errors by the Court at sentencing and ineffective assistance of counsel at sentencing.  Thus, his claims fall within the scope of his waiver, and are subject to it.

Moreover, the record is plain that his waiver was knowing and voluntary, and therefore enforceable.   It is clear from the rearraignment recording that Rodriguez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required.  See supra at 2-4; see Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Rodriguez's statements under oath are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Here, those statements show that Rodriguez voluntarily and knowingly waived his § 2255 rights.

5

In sum, the Court concludes that Rodriguez's waiver of his right to file a § 2255 motion is valid and enforceable.  His motion is not properly before the Court and is therefore DISMISSED.

## C.    Merits Of Rodriguez's Claims

Even if they were properly before the Court, moreover, Rodriguez's claims fail on their merits. In them, he claims that errors at sentencing resulted in the incorrect advisory guideline range being utilized by the Court.  His challenges to the Court's calculations of the guideline range are meritless, whether couched as ineffective assistance claims or as direct challenges to his sentence.

As an initial matter, to the extent that Rodriguez challenges the Court's application of the sentencing guidelines, his claims are not cognizable under § 2255.  See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion).

Moreover, even when treated as claims that defense counsel was ineffective for failing to object to the alleged errors, Rodriguez's claims fail.  Ineffective assistance claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if

6

the defendant makes an insufficient showing on one"); <u>Carter v. Johnson</u>, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In order to show prejudice as a result of his counsel's alleged ineffectiveness at sentencing, Rodriguez would have to show that a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different.  <u>See</u> <u>United States v. Phillips</u>, 210 F.3d 345, 350 (5th Cir. 2000).  This requires him to show a reasonable probability that he would have received a lesser sentence.  <u>United States v. Grammas</u>, 376 F.3d 433, 438-39 (5th Cir. 2004).

As discussed herein, however, none of the sentencing objections that Rodriguez now claims his counsel should have raised have any merit.  Accordingly, counsel's failure to raise them does not support an ineffective assistance claim.  <u>See</u> <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").  Specifically, Rodriguez claims that: (1) his base offense level was wrongly calculated; and (2) his criminal history category was improperly calculated, because he was assessed two points pursuant to U.S.S.G. § 4A1.1(d).  No error was made in either case, however.

As to the first alleged error, Rodriguez was assessed a base offense level of 30, based on his being held accountable for at least 700 kilograms of marijuana but less than 1,000 kilograms of marijuana.  (<u>See</u> PSR at ¶ 48.)  No error can be shown, however, because this amount of marijuana was explicitly admitted by Rodriguez at  his rearraignment.

That is, at his rearraignment, the government stated that it believed relevant conduct for Mr. Rodriguez would be between 700 and 1000 kilograms, and Rodriguez's counsel stated that the amount was correct.  Rodriguez raised no objection himself.  Additionally, Rodriguez testified that he

understood the concept of relevant conduct and had discussed it with his attorney. (R. Rec. at 10:14-10:15.) Additionally, the government recited the facts in the case, which included a reference to the fact that Rodriguez was responsible for an amount of marijuana between 700 and 1000 kilograms. Rodriguez testified that he heard the statement of the Assistant United States Attorney, that it was correct, and that he did not disagree with any part of the statement. (R. Rec. at 10:30-10:31.) Because he admitted the amount of marijuana at his rearraignment, it would have been meritless for his counsel to object to that amount being used at sentencing.

Moreover, it is worth noting that the PSR would have held Rodriguez accountable for a total of 3,789 kilograms of marijuana, but instead only held him responsible for the lesser amount (of between 700 and 1,000 kilograms) based on the United States' representations and agreed upon at the time of the rearraignment. (PSR at ¶ 43.) He was already receiving a great benefit, therefore, in being held responsible for a lesser amount.

Similarly, Rodriguez's second challenge – to the application of U.S.S.G. § 4A1.1(d) – is meritless. This provision is applicable where a defendant has committed the instant offense while under any criminal sentence, including probation, parole, and supervised release, and results in two additional criminal history points. See U.S.S.G. § 4A1.1(d). In the instant case, Rodriguez was assessed two points because he committed the instant offense while serving probation for his assault conviction in Hidalgo County, Texas, Docket No. CR-2659-02-H. His probation in that case was completed on August 10, 2003, but the conspiracy in the instant case began as early as 2000. Additionally, Rodriguez recruited a driver to transport marijuana, resulting in a load seized on May 3, 2003. (PSR at ¶¶ 9-10, 34, 43.) Thus, at least portions of Rodriguez's conduct in the instant offense occurred while he was still on probation for the assault conviction. Because U.S.S.G. § 4A1.1(d) was properly applied, therefore, objecting to it would not have resulted in a different sentence for Rodriguez. No ineffective assistance of counsel has been shown. See Kimler, supra.

For all of these reasons, even if his motion were properly before the Court, it would be denied on its merits.

### D.      Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the

denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Rodriguez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Similarly, as to the Court's conclusion that Rodriguez's claims are barred by his waiver, the Court finds that Rodriguez cannot establish at least one of the <u>Slack</u> criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that Rodriguez's waiver bars his claims. Accordingly, Rodriguez is not entitled to a COA.

## V. CONCLUSION

For the above-stated reasons, Rodriguez's motion under 28 U.S.C. § 2255 (D.E. 81) is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 25th day of August, 2008.

Janis Graham Jack
United States District Judge